## IN THE CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI

**CHERYL C. STARKS**                                                         **PLAINTIFF**

**VERSUS**                                     CAUSE NO.: A2301-2025-0098

**FULL HOUSE RESORTS, INC.**
**And John Does 1-4**                                              **DEFENDANTS**

<u>**SUMMONS**</u>

**THE STATE OF MISSISSIPPI**

TO:    **Full House Resorts, Inc.**
       **By and through agent for service of process**
       **Business Filings Incorporated**
       **645 Lakeland East Dr.**
       **Flowood, MS 39232**

### NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to M. Scott Bishop, Esquire, the attorney for the Plaintiff, whose address is 1712 15th Street, Suite 300, Gulfport, Mississippi 39501.

Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court this 30 day of July 2025.

BY: _Jessica Sidney_

EXHIBIT A

## IN THE CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI

**CHERYL C. STARKS**                                          **PLAINTIFF**

**VERSUS**                      CAUSE NO:.  A2301-2025-0098

**FULL HOUSE RESORTS, INC. and
JOHN DOES 1-4**                                        **DEFENDANTS**

### COMPLAINT

NOW INTO COURT, through undersigned counsel comes the Plaintiff, Cheryl C. Starks, who files this First Amended Complaint against the Defendants, Full House Resorts, Inc., and John Does 1-4, and would show unto this honorable court the following, to-wit:

I.

The Plaintiff, Cheryl C. Starks, is a person of majority and domiciled in the County of Pearl River, State of Mississippi.

II.

Defendant, Full House Resorts, Inc., upon information and belief, is a foreign Corporation incorporated in the State of Delaware with its principal place of business in Las Vegas Nevada, and may be served in accordance with the Mississippi Rules of Civil Procedure by serving its registered agent for service of process, Business Filings Incorporated, located at 645 Lakeland East Drive, Flowood, MS 39232.

FILED

JUL 3 0 2025

KENDRA NECAISE
CIRCUIT CLERK HANCOCK CO.
BY_____D.C.

III.

John Does 1-4, whether singular or plural, being the persons, corporations, firms, or other entities whose wrongful or negligent conduct caused or contributed to the injuries of which the Plaintiff complains herein, all of whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment if and when ascertained.

IV.

This cause of action occurred or accrued in Hancock County, Mississippi therefore venue and jurisdiction is proper in this Court.

V.

That on or about July 28, 2023 and at all times hereinafter mentioned, Plaintiff, Cheryl C. Starks, was a business invitee at the Silver Slipper Casino, located at 5000 S Beach Blvd, Bay St Louis, MS 39520. The Silver Slipper Casino is owned and operated by Full House Resorts, Inc.

VI.

The Plaintiff was walking through the casino and came upon a section where the wood floor transitioned to carpet and her foot got caught under the threshold which was improperly raised or damaged.

VII.

That despite the condition of the floor at the location of the fall, one or more Defendants failed to keep its premises reasonably safe, or failed to warn or

otherwise notify the Plaintiff or other invitees of the dangerous condition which
is the direct cause of the resulting incident sued upon herein.

VIII.

The aforesaid incident sued on herein was the fault of, and proximately
caused by the negligence of one or more Defendants, in the following, non-
exclusive respects:

    a.    By failing to maintain reasonably safe premises and safely operating
said business;

    b.    In operating the business in an improper, unsafe, and negligent
manner.;

    c.    In failing to warn the Plaintiff of a danger that one or more
Defendants either caused, or had actual or constructive notice;

    d.    By failing to see what should have been seen and failing to inspect;

    e.    In violating the duties cwed to a business invitee;

    f.    In failing to have an adequate safety and/or maintenance program;

    g.    In violating the Revised Statutes of the State of Mississippi, all of
which are pled as if copied herein in extenso; and

    h.    All other acts of negligence which were the cause of the incident
sued upon and will be shown at the trial of this matter.

IX.

That as a result of the aforesaid collision, Plaintiff, Cheryl C. Starks, has
sustained serious injuries, including but not limited to her left elbow, arm, knee,
wrist, and shoulder, which required surgical intervention.

**-X.**

As a result thereto, Plaintiff has suffered the following damages: bills for medical treatment, past and future; physical pain and suffering including loss of enjoyment of life, past and future; and mental and emotional distress, past and future.

**XI.**

Plaintiff shows that she is entitled to a trial by jury on all issues raised herein, and pray for a trial by jury on all issues raised herein.

**WHEREFORE,** your Plaintiff, Cheryl C. Starks, prays that Full House Resorts, Inc., and John Does 1-4, be served with a copy of this Complaint, and after being duly cited to appear and answer hereto, and after the expiration of all legal delays and due proceedings are had, that there be judgment rendered herein in favor of Plaintiff, and against one or more Defendants as alleged, together with legal interest, and for all costs of these proceedings including expert witness fees to be taxed as costs of court, and for all legal and equitable relief this honorable court shall deem appropriate. Further, a **TRIAL BY JURY** is requested on all issues raised herein.

**RESPECTFULLY SUBMITTED,** this the 25th day of July 2025.

MORRIS BART, LTD
1712 15TH STREET, SUITE 300
GULFPORT, MS 39501
TEL: 228-276-0307
FAX: 866-354-9707
EMAIL: SBISHOP@MORRISBART.COM

BY: M. SCOTT BISHOP, MS BAR #102699

# IN THE CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI

**CHERYL C. STARKS**                                        **PLAINTIFF**

**VERSUS**                                        **CAUSE NO. A2301-2025-0098**

**FULL HOUSE RESORTS, INC.**
**And John Does 1-4**                                        **DEFENDANTS**

## <u>PLAINTIFF'S COMBINED INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT, FULL HOUSE RESORTS, INC.</u>

COMES NOW Plaintiff, Cheryl C. Starks, by and through counsel, and propounds the following Interrogatories and Requests for Production of Documents to the Defendant, Full House Resorts, Inc. ("Full House"), to answer the following interrogatories, separately, fully, under oath and in writing, within thirty (30) days after receipt thereof, pursuant to the provisions of the Mississippi Rules of Civil Procedure. It is requested that the answers to these Interrogatories be signed by the person making them and that the signature be notarized by an authorized officer. Each interrogatory is deemed to be continuing and should be supplemented in the event additional information becomes known to you as per all Mississippi Law applicable hereto.

## <u>DEFINITIONS</u>

<u>Identify</u>, as used in these interrogatories, requests that the answer provide the name, present address, age, telephone number, occupation, and place of employment, of any and all persons to be identified.

<u>Describe</u>, as used in these interrogatories, requests that the response explain,

in complete detail, the event or thing inquired about, utilizing any and all

information available at the time of response.

State, as used in these interrogatories, requests that the answer be either in

the affirmative, or the negative.

Incident, as used in these interrogatories, refers to the alleged fall of the

Plaintiff which occurred on July 28, 2023, which is the basis of this lawsuit.

## INTERROGATORIES

1.

Identify yourself.

2.

Identify any and all individuals who have any relevant or discoverable

information regarding the facts and circumstances surrounding the incident at issue.

3.

State whether you were insured at the time of the incident sued on herein,

and, if so, identify your insurance company; your agent; and provide the policy

number, the policy period, and the limits of liability insurance afforded, including

excess or umbrella coverage.

4.

State whether any investigations were conducted of the incident in question,

and, if there were, describe any and all investigative documents; identify any and all

persons who directed any investigation; and identify any and all persons having

present custody or control of any information obtained from any investigations.

2

°Lk⊥☺°M ╰☺°P¥√☯ (⊥☺°M ╰☺°P¥√☯        ⊥↑°M╰♥°Pẟ√‾·÷

5.

Identify any and all witnesses to this incident, and any of your employees who came in contact with the Plaintiff after this incident, whether it be the same date, or shortly thereafter, either in person or by phone.

6.

State whether any statement was obtained from any person concerning this incident, by you or someone on your behalf, including any insurance representatives or investigators?   If so, identify: any and all persons giving, or taking, any and all such statements; and, any and all persons who presently have care, custody, or control of any and all such statements; then, provide the date each such statement was obtained; and, describe whether each such statement was verbal, written, tape recorded, or recorded in any other manner.

7.

State whether you heard, recorded, or transcribed any statement made by any Plaintiff named herein, then describe: the substance of any and all such statements; the time and place of hearing, recording, or transcribing any and all such statements; the method of recordation of any and all such statements; and, identify any and all persons who presently have care, custody, or control of any and all such statements.

3

8.

State whether any photos or videos were taken of: the scene of the incident; or, any other thing or person relating to the incident sued on herein, and, if so, describe said photos or videos, (including Id. numbers), and, identify any and all persons who presently have care, custody, or control of any and all such photos or videos.

9.

Identify each person whom you expect to call as an expert witness at trial, and describe: the subject matter on which the expert will testify; the substance of the facts and opinions to which the expert will testify; the basis for each opinion; and, each fact, document, or other information provided to each such expert and upon which such expert has relied in rendering an opinion.

10.

Identify each person whom you expect to call as a lay witness at trial, and, describe the testimony to be introduced at trial.

11.

Describe any and all tangible or physical evidence; any and all documents or writings; and, any other evidence which you intend to introduce into evidence or use at the trial of this case.

12.

Describe any and all facts and documents which support any and all affirmative defenses pled in your answer.

13.

<u>State</u> whether you contend that the medical condition of Plaintiff, and/or the medical condition of any Plaintiff herein, was caused by or related to a pre-existing medical condition, and, if so, <u>describe</u> the basis of such contention.

14.

Please state whether you, or any of your employees, had been made aware of the existence of the damaged floor, where this incident occurred on July 28, 2023, and if so, when and how you became aware of it.

15.

Please <u>identify</u> any and all employees who were working within a 24-hour period before this incident occurred on July 23, 2022.

16.

Please identify any prior complaints or notifications made by guests and/or staff regarding the condition of restroom where this alleged incident took place for a 2 week period prior to the incident on July 23, 2022, including all times on July 23, 2022 up until the incident occurred.

17.

Please advise whether you contend that the Plaintiff was comparatively negligent, and if so, describe the statute, case law, ordinance, etc., that supports your contention.

18.

<u>State</u> whether you contend that the <u>incident</u> sued upon herein was caused by any third party not named, and, if so, <u>identify</u> any and all third parties, and, <u>describe</u> the basis for your contention.

19.

Please provide the location of security cameras in the area near the area where this alleged incident occurred on July 28, 2023.

## **REQUESTS FOR PRODUCTION**

1.

Any incident or accident reports.

2.

Any written or recorded statements of any witnesses.

3.

Any written or recorded statements made by the Plaintiff.

4.

Any and all medical reports, records, bills, x-rays and notes concerning Plaintiff other than those provided to you by plaintiff's counsel or other documents reflecting Plaintiff's medical history, condition, complaints of pain or other symptoms, before or after the subject incident.

5.

Any photos and/or videos you have or have access to, which were made during or after this incident, at the scene of the incident, of any Plaintiff.   Please provide color copies or make the photos or videos available so that Plaintiff can arrange for reproduction of them in their original form.

6.

A certified copy of any and all policies of liability insurance that would afford coverage to any Defendant named for damages sustained as a result of this incident.

7.

Any declaration sheets stating the insurance coverage limits afforded to the Defendant at the time of this incident.

8.

A copy of any reports of any expert you retained related to this suit and expect to testify at trial.

9.

A copy of any and all surveillance photographs, films, reports, records, notes and videos concerning plaintiff.

10.

If you contend that Plaintiff's damages were caused by something other than the _incident_ in question, please produce a copy of any and all documents and things which support your contention.

11.

All statements, or documents, which purport to be an admission against interest, of the Plaintiff.

12.

All documents which you intend to introduce at the trial of this matter.

13.

Please produce employee logs for all employees for the period of 24 hours before this incident until the actual incident on July 28, 2023.   (This is not a request for employee files, but a log of who was working and when.)

14.

Any and all protocol, handbooks, etc. that determines your policies and procedures for employees regarding obstacles on the floor as they were in place at the time of the incident that occurred on July 28, 2023.

15.

Please provide any work or repair orders for floor of the area where the Plaintiff fell at any time within 12 months before and after the fall.

16.

Please provide documentation of any complaints or maintenance done to the floor where the alleged incident occurred for 12 months before and after the fall.

17.

Please produce any documents that could be reasonably calculated to lead to the discovery of admissible evidence concerning this incident.

8

RESPECTFULLY SUBMITTED, this the 23 day of September , 2025.

_____
M. SCOTT BISHOP, MSB # 102699
MORRIS BART, LTD
Attorneys for the Plaintiff
1712 15th Street, Suite 300
Gulfport, Mississippi 39501
Tel:   228-276-0307
Fax:   866-354-9707
Email:   sbishop@morrisbart.com

9